**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BOBBY E. HAZEL,

      Plaintiff - Appellant,

v.

RAY HOLT, Warden, United States
Penitentiary; G. L. HERSHBERGER,
Regional Director,

      Defendants - Appellees.

No. 01-1409
(D.C. No. 00-B-1435)
(D. Colorado)

ORDER AND JUDGMENT  *

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE** ,** Senior District
Judge.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Bobby E. Hazel, a federal prisoner appearing pro se, appeals from the dismissal of his civil rights suit filed under      Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics    , 403 U.S. 388 (1971).  He also moves to proceed on appeal without prepayment of fees and costs.  We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Plaintiff challenged the classification assigned after he was transferred from a facility in Allenwood, Pennsylvania, to the United States Penitentiary (USP) in Florence, Colorado.  He contended that officials at USP-Florence placed him in the restrictive K & C Model Management Program based on erroneous information that he had stabbed another prisoner at the Allenwood facility with a weapon.  He asserted that defendants' reliance on this information without giving him an opportunity to challenge it violated his constitutional rights.

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  The magistrate judge recommended that plaintiff's complaint be dismissed.  The district court reviewed the recommendation de novo, adopted it, and dismissed the complaint.

Plaintiff argues on appeal that: (1) he was given limited access to the prison law library, which violated his right of access to the courts; (2) he was provided no way to challenge and have expunged the allegedly erroneous information that he stabbed another prisoner with a weapon; and (3) the district court abused its discretion by denying him leave to supplement his complaint with a claim of confiscation of legal documents.

We review de novo a district court's dismissal of a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Williams v. United States, 957 F.2d 742, 743 (10th Cir. 1992). Likewise, we review de novo the dismissal of a complaint under Rule 12(b)(6) for failure to state a claim. Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996). Because plaintiff is pro se, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

We have carefully reviewed the parties' briefs and the record on appeal. We conclude that plaintiff had no right to any level of due process before he was placed in the K & C Model Management Program. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Further, he has not stated a claim for denial of access to the courts. See Cosco v. Uphoff, 195 F.3d 1221, 1224 (10th Cir. 1999). Plaintiff's other issue is without merit.

The judgment is AFFIRMED.  Appellant's motion to proceed on appeal without prepayment of fees and costs is granted, and appellant is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full.  The mandate shall issue forthwith.

Entered for the Court


John L. Kane
Senior District Judge